UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROL M. SHIRLEY, ET AL.** | **C.A. NO.: 3:13-CV-732-JWD-SCR (LEAD)** |
| **VERSUS** | |
| | **JUDGE: deGRAVELLES** |
| **TOWN OF CLINTON, ET AL.** | |
| | **MAGISTRATE: RIEDLINGER** |

*Consolidated With*

| | |
|---|---|
| **ALICE KENT, ET AL.** | **C.A. NO.: 3:13-CV-00735-JWD-SCR** |
| **VERSUS** | |
| **TOWN OF CLINTON, ET AL.** | |

### REQUEST FOR ORAL ARGUMENT AS TO DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE PLAINTIFFS' EXPERT LLOYD GRAFTON

NOW INTO COURT, through undersigned counsel, come Defendants, the Town of Clinton, James Cook, Eddie Stewart, and Don Reason, who, pursuant to LR 78.1, request that this Court grant oral argument on their *Daubert* Motion to Exclude Plaintiffs' Expert, Lloyd Grafton. Oral argument is necessary to the motion as Grafton has previously been qualified as an expert in some areas of police liability, such as excessive force; however, it is Defendants' position that he is not qualified with regard to the issues present in this case. Specifically, Grafton has no experience with regard to investigations of public funds and grants[1], and, despite Plaintiffs' contentions that he is qualified to offer expert testimony, he specifically stated that he "wouldn't hold [himself] out as an expert in that area."[2] Additionally, Grafton has no

---

[1] Exhibit A    Deposition of Lloyd Grafton, 80:15-20
[2] Exhibit A    Deposition of Lloyd Grafton, 16:14-20

1

supervisory experience to qualify him to offer testimony on a claim for failure to train and/or supervise against the Town of Clinton.[3]

Additionally, the methodology used by Grafton is not based on sufficient facts or data, and it is not the product of reliable methods. Plaintiffs were arrested for various crimes dealing with their handling and management of money on behalf of the Clinton Main Street Association in conjunction with Friends of Clinton Main Street; however, Grafton specifically stated that he did not review the documents of either organization,[4] the grant documents[5] or the banking records[6] that are at the heart of the investigation and arrest on which he offers testimony. Additionally, and perhaps most troublesome, is that Grafton applied the wrong standard for probable cause,[7] offers an opinion with regard to probable cause although he did not fully review and analyze probable cause for any related crime by Plaintiffs,[8] and could not even state what the crime of Public Contract Fraud Law was, even though his opinion is that there was no probable cause to arrest Plaintiffs for a violation of that crime.[9]

Moreover, Grafton lacked objectivity as an expert. He testified that he had trouble being overly fair with Cook due to information that he improperly received from "friends" at Louisiana State Police,[10] while he empathized with Plaintiffs because he was "moved by their comments and feelings as to what happened to them."[11] He further bases his opinion on the fact that Plaintiffs were 60 year-old females with no prior criminal record and were retired from

---

[3] Exhibit A   Deposition of Lloyd Grafton, 102:9-103:18
[4] Exhibit A   Deposition of Lloyd Grafton, 34:1-4
[5] Exhibit A   Deposition of Lloyd Grafton, 34:5-8
[6] Exhibit A   Deposition of Lloyd Grafton, 33:15-34:8
[7] Exhibit A   Deposition of Lloyd Grafton, 147:6-9; 164:18-22
[8] Exhibit A   Deposition of Lloyd Grafton, 46:14-23
[9] Exhibit A   Deposition of Lloyd Grafton, 94:4-95:1
[10] Exhibit A   Deposition of Lloyd Grafton, 61:20-25
[11] Exhibit A   Deposition of Lloyd Grafton, 143:13-22

responsible careers, and people in the Town of Clinton respected them and didn't think that Plaintiffs could have committed a crime.[12]  Along with being irrelevant, all of these considerations are not appropriate or even allowed by law as part of a probable cause analysis.

Finally, multiple parts of Grafton's opinion goes beyond the purview of Fed. R. Evid. 704(a) and invades the jury's function by stating the law and telling the jury what verdict to reach.

The opinions by Lloyd Grafton should be excluded because they are not admissible under any section of FED. R. EVID. 702, *Daubert*, or its progeny.  For these reasons, and the need for clarity to the Court, Defendants request a hearing and oral argument on the motion.  It should also be pointed out to the Court that Plaintiffs requested oral argument as to their *Daubert* motion to exclude Defendants' expert, Donna Ingram.  That request was granted, and the hearing is set for February 6, 2015, at 1:30p.m.  Defendants would therefore request that oral argument as to their Daubert motion to exclude Plaintiffs' expert, Lloyd Grafton, be set on the same date and time.

Respectfully submitted,

  /s/ John F. Jakuback
John F. Jakuback, Bar No. 21643, T.A.
john.jakuback@keanmiller.com
Melissa B. Caruso, Bar No. 31091
melissa.caruso@keanmiller.com
KEAN MILLER LLP
II City Plaza, 7th Floor
400 Convention Street, Suite 700
P.O. Box 3513
Baton Rouge, Louisiana 70821
Telephone: 225.387.0999
Facsimile: 225.388.9133
***Attorneys for Defendants, The Town of Clinton, James Cook, Don Reason, and Eddie Stewart***

---

[12] Exhibit A     Deposition of Lloyd Grafton, 132:14-23, 134:11-24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *Request for Oral Argument as to Defendants' Daubert Motion to Exclude Plaintiffs' Expert Lloyd Grafton* was electronically filed with the Clerk of Court using the CM/ECF system and will be sent to the registered counsel of record by operation of the court's electronic filing system.  Notice of this filing will also be sent to the following party, who is not registered with the CM/ECF system, via regular U.S. Mail, postage prepaid:

>Mr. Johnny Beauchamp
>14414 La. Hwy 19
>Norwood, Louisiana 70761

Baton Rouge, Louisiana, this 30th day of December, 2014.

>  /s/ John F. Jakuback
>  John F. Jakuback