UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROL M. SHIRLEY, ET AL. | CIVIL ACTION |
| v. | |
| TOWN OF CLINTON, ET AL. | No. 3:13-cv-00732-JWD-SCR |

*Consolidated With*

| | |
|---|---|
| ALICE KENT, ET AL. | CIVIL ACTION |
| v. | |
| TOWN OF CLINTON, ET AL. | No. 3:13-cv-00735-JWD-SCR |

### RULING AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF CAROL SHIRLEY'S CLAIM FOR LOST WAGES

This matter comes before the Court on the Defendants' Motion for Summary Judgment as to Plaintiff Carol Shirley's Claim for Lost Wages (R.Doc. 30) filed by Defendants, the Town of Clinton, James Cook, Don Reason, and Eddie Stewart (collectively, the "Defendants"). Oral argument was heard on February 6, 2015.[1]

The parties extensively briefed the issues and thoroughly argued the motion at the February 6, 2015, hearing. Accordingly, the Court will dispense with a full recitation of the facts and law.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). If the mover bears his burden of showing that there is no genuine issue of

---

[1] The Court also heard argument at this hearing on Defendants' Motion for Summary Judgment as to All Claims (R.Doc. 43), Plaintiffs' Motion to Strike Expert Report and Testimony of Donna M. Ingram (R.Doc. 31), and Defendants' Motion in Limine to Exclude Plaintiffs' Expert Lloyd Grafton (R.Doc. 41). The Court will render rulings on these motions separately.

fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991).

Considering the facts and law, the Court denies the Defendants' motion. The Plaintiff has presented enough evidence to prove that reasonable jurors could conclude that the Plaintiff Carol Shirley was constructively discharged. As Defendants explained in their brief, the jurisprudence sets forth seven relevant factors to be considered "singly or in combination", and one of those factors is whether the plaintiff was subjected to "badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation." *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649-650 (5th Cir. 2004). While Defendants complain that the Plaintiff relies only on this one factor, a plaintiff can defeat summary judgment on a constructive discharge claim if he or she shows an issue of fact as to only one of the seven

factors. *See Thorne v. Leroy Maintenance Services, Inc.*, 683 F.Supp.2d 433, 443-444 (E.D. La. 2010).

Here, the Plaintiff has submitted evidence that she was asked to resign by James Cook, a police officer. If she did not resign, Cook would tell the town council about improprieties with the Main Street program. (R.Doc. 36-1, p. 5). Cook also said that, if Shirley did not resign and if she was still employed by the Town by the next meeting, then the council would go into executive session to discuss her alleged misconduct.[2] (R.Doc. 36-2, p. 4). Further, Shirley was confronted by the mayor earlier on the day of the meeting and was told that she could "get in trouble, malfeasance in office, or something."[3] (R.Doc. 36-1, p. 7). She also testified that she did not know what Cook would say at the town hall meeting and implied that she was worried about the local press and the harm done to the reputation of Main Street and Friends. (R.Doc. 30-3, p. 13). Based on this evidence, a reasonable juror could conclude that a reasonable person in the Plaintiff's shoes would have felt compelled to resign.

Additionally, these conditions exceed the standard required to succeed in a hostile work environment claim, which only requires a single, severe incident that would alter the terms and conditions of employment. *Thorne*, 683 F.Supp.2d at 442 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275 (1998). In order for her to continue employment with Main Street, Plaintiff would have to run the risk of being subjected to a potentially invasive and defamatory inquiry with possible criminal consequences and unpleasant media exposure.

Defendants contend that Shirley expressed more concern over the potential besmirching of Main Street's good name than her own. Even if true, Defendants do not explain how this too

---

[2] Construing the facts most favorably to the Plaintiff, as required for a motion for summary judgment, this threat of executive session is far worse than a mere "performance review and discussion of [her] job performance," as Defendants' argue.
[3] This testimony seems to contradict Defendants' argument that Plaintiff was never threatened with criminal prosecution.

could not adversely alter the terms and conditions of employment or cause humiliation and embarrassment; if she continued working, she would have run the risk of seeing something she built for years, with which she was closely associated, be destroyed.

Further, in *Carter v. Town of Benton*, 827 F.Supp.2d 700, 706 (W.D.La. 2010), the Western District explained:

> "Although constructive discharge claims generally involve employees' allegations that they effectively were forced to resign because of intolerable working conditions, an employee also may demonstrate constructive discharge if he or she resigns after the employer communicates that the employee will be fired." Barbara R. Lindemann & Paul Grossman, Employment Discrimination Law 1445 (C. Geoffrey Weirich 4th ed. 2007).

While Defendants contend that the Town or Cook never said she would be fired, the Court disagrees. Cook specifically admitted telling Shirley that her misconduct would be discussed at an executive meeting of the Town Council "if [she] was still employed by the Town of Clinton at the start of the Council Meeting…". (R.Doc. 36-2, p. 4). This strongly implied that her termination was imminent.

For the foregoing reasons, the Court finds that there are material issues of fact which should be left for the jury to decide. Thus, Defendants' Motion for Summary Judgment as to Plaintiff Carol Shirley's Claim for Lost Wages is hereby denied.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment as to Plaintiff Carol Shirley's Claim for Lost Wages (R.Doc. 30) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>February 23, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**