UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CAROL M. SHIRLEY, ET AL.**

**v.**

**TOWN OF CLINTON, ET AL.**

**CIVIL ACTION**

**No. 3:13-cv-00732-JWD-SCR**

*Consolidated With*

**ALICE KENT, ET AL.**

**v.**

**TOWN OF CLINTON, ET AL.**

**CIVIL ACTION**

**No. 3:13-cv-00735-JWD-SCR**

### RULING AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS

This matter comes before the Court on the Defendants' Motion for Summary Judgment as to All Claims (R.Doc. 43) filed by Defendants, the Town of Clinton, James Cook, Don Reason, and Eddie Stewart (collectively, the "Defendants"). Oral argument was heard on February 6, 2015.[1]

Considering the law and facts in the record, the motion is granted in part and denied in part. All claims against Defendant Don Reason are dismissed. Plaintiffs' claim under 42 U.S.C. § 1983 against the Town of Clinton is dismissed. Further, Plaintiffs' § 1983 claims for malicious prosecution as to all Defendants are also dismissed. In all other respects, Defendants' motion is denied.

---

[1] The Court also heard argument at this hearing on Defendants' Motion for Summary Judgment as to Plaintiff Carol Shirley's Claim for Lost Wages (R.Doc. 30), Plaintiffs' Motion to Strike Expert Report and Testimony of Donna M. Ingram (R.Doc. 31), and Defendants' Motion in Limine to Exclude Plaintiffs' Expert Lloyd Grafton (R.Doc. 41). The Court will render rulings on these motions separately.

**A. Section 1983 Claims**

The law concerning probable cause and qualified immunity was well briefed by the Defendants and need not be repeated here. Similarly, the parties each extensively detailed their version of the facts, and this also does not warrant restating.

As noted at oral argument, the issue to be decided for this motion is not whether there was probable cause for the arrest of the Plaintiffs Carol Shirley and Alice Kent. The issues are whether there are genuine issues of material fact as to probable cause and whether reasonable minds could differ as to whether there was probable cause.

The Court finds that there are genuine issues of material fact that preclude the granting of summary judgment as to James Cook on the § 1983 claim for a Fourth Amendment violation for arrest without probable cause. Specifically, the Court finds the following issues of material fact: (1) the extent of oversight, control, and approval the Town of Clinton exercised over the Clinton Main Street Association ("Main Street") and the Board of Friends of Clinton Main Street ("Friends");[2] (2) the payment of expenses and whether that was done properly and in lieu of a salary, as Plaintiff claimed;[3] (3) Greg Phares and Tracy Richard's statements that there was no probable cause;[4] and (4) Mary Sue Stage's testimony that she conducted an audit, that she found

---

[2] Shirley testified that:

> [a]fter the point that Friends was involved, we put it in Friends and had the public board oversee every dollar that was spent, every decision that was made, and the Town council received activity reports that the activities were generated from these funds. They got a report, as well as the State, quarterly, all the period of time that the Main Street Program existed.

(R.Doc. 48-2, p. 3).

[3] See R.Doc. 48-2, p. 6-8.

[4] See R.Doc. 48-2, p. 13, 41-42. The Court acknowledges Defendants' arguments that Phares and Richard's testimony is irrelevant because probable cause is based on what Officer Cook knew at the time of the arrest, but this argument is undercut by Defendants' urging that Phares and Richard found "questionable transactions" and "red flags." Further, while Phares and Richard may not have had the same information as Cook, they still possessed information relevant to the investigation. Their lack of Cook's precise knowledge can be elicited through cross-

no illegitimate expenses, and that there was nothing which Main Street did not approve.[5] Further, for all of these reasons, the Court finds that reasonable minds could differ as to whether there was probable cause for Cook to arrest the Plaintiffs.

The Court also finds that there are issues of fact as to the issue of qualified immunity. All of the above reasons related to probable cause weigh equally against a finding of qualified immunity. Additionally, Stewart's testimony concerning Cook also weighs against a finding of qualified immunity. Stewart testified that he met with Cook about the investigation over coffee and said that he might want to talk to the District Attorney, Sam D'Aquilla, before he swore out an arrest warrant to ensure he had enough probable cause. (R.Doc. 48-2, p. 59-60). Cook apparently ignored this "order" from his superior officer. (Id.). Further, after the October 10, 2012, meeting with Phares, Reason, and the various Alderman, Stewart left the meeting with the thought that, "as far as I was concerned, based on what I knew, that the case still needed to be investigated…" (R.Doc. 48-2, p. 63). Yet Cook arrested Kent and Shirley one month later.

---

examination. Finally, by Defendants' argument, no one other than Cook could ever give an opinion on whether there was probable cause, because no one could possibly know exactly what Cook knew at the time of the arrest. The Court rejects such a narrow view.

[5] Stages testified:

> A: No. I basically told them that the expenses that they were concerned about, I did not find any reason to believe that they weren't legitimate expenses of the Main Street program and that the expenses that necessarily didn't have an invoice, I read in their minutes were it had been approved by their board.

(R.Doc. 48-2, p. 17). She further said:

> Q: And it's my understanding your testimony is that you did not find anything spent that was unreasonable or not approved by their board, correct?
>
> A; Yes, sir.
>
> Q: "Their board" meaning the Clinton Main Street board?
>
> A: Yes, sir.

(Id., p. 20). Again, while Stages, like Phares and Richard, may not have possessed all of the information Cook did, she still possessed information that would be relevant to the determination of probable cause.

Finally, Stewart said that Cook went "rogue" in this investigation. (R.Doc. 48-2, p. 65-66). All of this demonstrates, not that Cook was a "bad guy," as Defendants contend, but that there are issues of fact as to the reasonableness of his conduct as the investigating officer.[6]

In sum, the Court finds that there are issues of fact concerning Plaintiffs' § 1983 claim for a Fourth Amendment violation for false arrest as to James Cook. Further, reasonable minds could differ on this issue. Accordingly, Defendants' motion on this claim is denied.

The Court denies summary judgment on this claim as to Eddie Stewart as well. Don Reason testified that Eddie Stewart "was running the whole investigation." (R.Doc. 48-2, p. 52). Further, Cook reported to Stewart from time to time relative to the progress of the investigation and even gave the order to consult with the District Attorney. (Id., p. 59-60). This is sufficient to create an issue of fact to preclude summary judgment.

However, summary judgment is granted as to Don Reason and the Town of Clinton for this § 1983 claim. There is no vicarious liability under § 1983, and the Plaintiff has failed to produce adequate evidence that the Town and Reason were sufficiently involved in the investigation to warrant the finding of liability. Further, a "supervisor or municipality may be liable for failure to supervise or train if: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Barrios-Barrios v. Clipps*, 825 F.Supp.2d 730, 745 (E.D.La. 2011). Here, the Plaintiff has also failed to produce any evidence satisfying any of these elements as to the Town

---

[6] A closer question is whether Kenneth Comeaux's testimony is relevant to the issue of qualified immunity for the false arrest claim. While Defendants are correct that their subjective intent of Officer Cook is irrelevant to the issue of probable cause, whether Officer Cook had any basis for beginning the investigation is arguably relevant to whether he was acting like a reasonable officer. On the other hand, probable cause is measured from the time of the arrest, so activity at the beginning of the investigation arguably has no bearing on the false arrest issue. The Court need not decide this issue at this time given the above evidence. Further, regardless of the answer to this question, Comeaux's testimony is undoubtedly relevant to the state law malicious prosecution claim.

of Clinton. Accordingly, the § 1983 claims as to Don Reason and the Town of Clinton are dismissed.

Finally, Defendants point to *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003), which concluded that "no … freestanding constitutional right to be free from malicious prosecution exists." *Id.* at 945. Defendants are correct; there is no § 1983 action for malicious prosecution. Accordingly, to the extent Plaintiffs have pled a § 1983 claim for malicious prosecution, this claim is dismissed as to all Defendants.

**B. State Law Claims**

The Court also denies summary judgment as to all state law claims against Eddie Stewart and James Cook.[7] First, because the Court denies summary judgment on the § 1983 claim for false arrest, the Court will also deny summary judgment on the state law false arrest and malicious prosecution claims as to these Defendants. For the same reasons, the Court finds that there are issues of fact as to whether these Defendants acted reasonably under the circumstances, thereby precluding summary judgment on the negligence claim. Further, reasonable minds could differ as to whether "the conduct of [Stewart and Cook] was extreme and outrageous," as required for a claim for intentional infliction of emotional distress. *Elphage v. Gautreaux*, 969 F.Supp.2d 493, 516 (M.D.La. 2013).[8] Accordingly, summary judgment is denied on this claim as well.

Further, one of the requirements for a claim for defamation is "an unprivileged publication to a third party." *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 181

---

[7] Plaintiffs have made state law claims for false arrest, malicious prosecution, intentional infliction of emotional distress, negligence, and defamation. Contrary to Plaintiffs' statements at oral argument, Defendants did in fact seek summary judgment on these claims.

[8] The Court notes that no evidence was submitted showing that the Plaintiff suffered severe emotional distress, as required for this cause of action, but Defendants did not raise that as an issue in their motion for summary judgment. Thus, the Court denies to address this.

(5th Cir. 2009). In *Kennedy v. Sheriff of East Baton Rouge*, 05–1418, p. 9 (La.7/10/06), 935 So.2d 669, 682, the Louisiana Supreme Court applied the following standard for privilege:

> First, it must be determined whether the attending circumstances of a communication occasion a qualified privilege. The second step of the analysis is a determination of whether the privilege was abused, which requires that the grounds for abuse-malice or lack of good faith-be examined. "While the first step is generally determined by the court as a matter of law, the second step of determining abuse of a conditional privilege or malice is generally a fact question for the jury '[u]nless only one conclusion can be drawn from the evidence.'"

(citations omitted). Here, because of the facts outlined above, the Court finds that there are issues of fact as to whether Officer Cook and Eddie Stewart abused their privilege by acting in bad faith.

Finally, the Court believes that the Plaintiffs failed to show an issue of fact as to Don Reason with respect to their state law claims for false arrest, malicious prosecution, intentional infliction of emotional distress, and negligence. Further, while the Plaintiffs demonstrated that Reason may have uttered defamatory words,[9] they failed to present any evidence that he acted maliciously or in bad faith to vitiate the above privilege. Accordingly, all state law claims against Don Reason are also dismissed.

**C. Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment as to All Claims (R.Doc. 43) is **GRANTED IN PART** and **DENIED IN PART;**

**IT IS FURTHER ORDERED** that all claims against Defendant Don Reason are **DISMISSED WITH PREJUDICE;**

---

[9] Specifically, Reason "called Ms. Bell and Ms. Washington into [his] office and told them what was going on and that [they] needed to probably do something with Ms. Shirley." (R.Doc. 48-2, p. 51).

**IT IS FURTHER ORDERED** that Plaintiffs' § 1983 claims against the Town of Clinton are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiffs' claims for malicious prosecution under § 1983 as to all Defendants are **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED** that, in all other respects, Defendants' motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 23, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**