UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROL M. SHIRLEY, ET AL.** | |
| | **CIVIL ACTION** |
| **v.** | |
| | **No. 3:13-cv-00732-JWD-SCR** |
| **TOWN OF CLINTON, ET AL.** | |

*Consolidated With*

| | |
|---|---|
| **ALICE KENT, ET AL.** | |
| | **CIVIL ACTION** |
| **v.** | |
| | **No. 3:13-cv-00735-JWD-SCR** |
| **TOWN OF CLINTON, ET AL.** | |

## RULING AND ORDER

This matter comes before the Court on several motions in limine filed by the parties (Docs. 60, 61, and 68) and Defendants' motion to quash (Doc. 76). The motions in limine are opposed. (Docs. 77-79). The motion to quash is not opposed. Oral argument is not necessary. The Court has considered the law, facts, and arguments of the parties and is prepared to rule. Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine to Exclude the Findings of the Grand Jury (Doc. 60) is **DENIED**. The grand jury return is relevant to the malicious prosecution claim, and the Plaintiffs are allowed to introduce the return to support that claim. Moreover, the probative value is not substantially outweighed by the danger of unfair prejudice or confusing the issues. Thus, the grand jury return is admissible. However, upon request of the Defendants, the Court will instruct the jury that the grand jury return is not to be considered for the false arrest claim.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Certain Portions of James Cook's Personnel Records Produced by the Department of Public Safety with Regard to Cook's Employment with the Louisiana State Police (Shirley's Exhibits 5, Kents' Exhibit 5) (Doc. 61) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**.  Specifically:

All evidence related to the 1999 Internal Affairs investigation involving Defendant Cook is inadmissible.  First, such evidence is not relevant to the issues of this suit, and, even if it were, its probative value would be substantially outweighed by the danger of unfair prejudice and confusing the issues.  Second, such evidence is improper character evidence.  Third, this evidence cannot be used for impeachment because it involves a collateral issue that is too far removed from the facts underlying this suit.

The March 22, 2010, letter is inadmissible.  First, the letter is not relevant to the issues of this suit, and, to the extent that it is relevant, its probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues.  Second, the evidence is impermissible character evidence under Fed. R. Evid. 404(b)(1), and Plaintiffs have not sufficiently shown that the evidence is relevant for "another purpose" under Rule 404(b)(2). Third, the letter is inadmissible hearsay.  The requirements of Fed. R. Evid. 803(8) have not been demonstrated; for instance, Plaintiffs have not established that this letter is a "factual finding" when it purports to initiate an investigation.   Nor have the requirements of Rule 803(6) been demonstrated.  Fourth, this letter cannot be used for impeachment because it involves a collateral issue that is too far removed from the facts underlying this suit.

As to the issues raised by the Plaintiffs in their opposition:

A. The allegedly conflicting testimony of why Defendant Cook left his job is admissible as impeachment evidence.

B. Evidence that Cook "showed disdain for questioning regarding his failure to properly maintain evidence" is inadmissible. This evidence is not relevant, and, even if it were, its probative value is substantially outweighed by the danger of unfair prejudice. Further, this testimony is improper impeachment evidence because it involves a collateral issue.

C. Other evidence related to the 2010 investigation is inadmissible. Such evidence is irrelevant, and, to the extent that it is relevant, its probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues. Further, it is not admissible under Fed. R. Evid. 404(b) or 608(b). Plaintiffs appear to submit this as evidence that Cook committed the crime of malfeasance, and, to the extent that they do, this runs afoul of Fed. R. Evid. 609, as there has been no conviction. Most importantly, to the extent that evidence related to the 2010 investigation is relevant, its probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues. Finally, the 2010 investigation is a collateral issue that is not proper for impeachment.

D. The Court defers ruling on issues related to the 2009 "letter of counseling" because there is insufficient evidence in the record for the Court to decide whether this document, or any information related to it, are admissible. If the Plaintiffs seek to introduce evidence related to this document, it must alert the Court outside the presence of the jury and then present evidence and argument demonstrating its admissibility.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine (Doc. 68) is **DENIED IN PART** and **GRANTED IN PART**.  The fact that the Plaintiffs Carol M. Shirley and C.S. Shirley, Jr., were in bankruptcy is relevant to the issue of qualified immunity – specifically, whether Defendant Cook's actions were objectively reasonable in light of clearly established law and the information he possessed at the time. The fact of bankruptcy is also relevant to the issue of emotional damages.  However, the bankruptcy records themselves may contain information that is not relevant, that would be unfairly prejudicial to the Plaintiffs, or would create the danger of confusing the issues.  Accordingly, the Defendants and their witnesses may testify about the essential facts related to the Plaintiffs' bankruptcy, but the bankruptcy records themselves are excluded under Fed. R. Evid. 403.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash Plaintiffs' Subpoena to the Department of Public Safety for the Personnel Records of James Cook to the Extent It Requests Confidential Redacted Documents (Doc. 76) is **GRANTED**.  The subpoena was untimely, and the Plaintiffs made no attempt to reopen discovery despite the continuance of six months. Further, even if a request had been made, this Court's Amended Scheduling Orders (Docs. 23 and 26) stated that the discovery cutoff would not be extended "except by leave of court upon a showing of good cause."  No good cause has been shown by the Plaintiffs. Defendants' motion is thus granted, and the subpoena is hereby quashed.

Signed in Baton Rouge, Louisiana, on <u>October 20, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

4